UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P666-S

**JAMES HARRISON**                                                                     **PETITIONER**

v.

**CLARK TAYLOR, WARDEN**                                              **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner, James Harrison, *pro se*, seeks a writ of habeas corpus challenging a 1986 state conviction and sentence. He states that he previously sought habeas relief and indicates that he has applied to the Sixth Circuit Court of Appeals for permission to file a second or successive petition. He asks the Court to stay its consideration of his petition until the Sixth Circuit rules on his request. He also references 28 U.S.C. § 2241 and indicates that this Court should address the merits of his petition even if the Sixth Circuit does not grant him permission to file a second or successive petition under § 2254.

"Regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254." *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). Thus, regardless of whether Harrison seeks relief under § 2241, the rules governing second and successive petitions apply. *Id.*

Title 28, United States Code, section 2244(b) provides:

> (2)     A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>       (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>       (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>           (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

> evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244.

A review of the Sixth Circuit Court of Appeals' docket reveals that Harrison has a request for a second or successive petition currently pending in that court. *See In re Harrison*, 09-6057. Because Harrison has not yet been granted permission to file a second or successive petition from the Sixth Circuit, this Court lacks jurisdiction over the current action. As such, by separate Order, this Court will dismiss this action for lack of jurisdiction. In the event that Harrison obtains leave to file a second or successive petition from the Sixth Circuit, he may refile his petition.

Should Harrison wish to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a COA and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district court judge determines to issue a COA along with the denial of a writ of

2

habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2)&(3) by 'indicat[ing] which specific issue or issues satisfy the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, Harrison is not entitled to a COA.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: November 24, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Petitioner, *pro se*
    Sixth Circuit Court of Appeals, No. 09-6057
4411.008

3